UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOSIE GASTELLO, Warden,<br><br>　　　　　Respondent. | No. 2:19-cv-02173 KJM AC P<br><br><br>ORDER and<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation, who proceeds pro se with a putative petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a request to proceed in forma pauperis.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, petitioner's request to proceed in forma pauperis is granted but the undersigned recommends the dismissal of this action for lack of jurisdiction.

Examination of the in forma pauperis application demonstrates that petitioner is unable to afford the costs of suit. See 28 U.S.C. § 1915(a). See ECF No. 2; see also ECF No. 4 (Inmate Trust Account Statement). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

////

1

1 | Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the instant case, petitioner challenges his 2005 criminal conviction and 27-year sentence imposed by the Solano County Superior Court[1] on the ground that the judgment was effectively vacated by an August 2013 default judgment entered against the State of California by the "Shaykamaxum Supreme/Grand Court of Atlan Amexem Al Moroc N.W., A Judicial Tribunal Court of Record." ECF No. 1 at 36. Petitioner asserts that the California Attorney General (AG) failed to respond to a June 2013 summons and complaint in the tribal action, resulting in the default judgment. Id. at 8, 21-2. Thereafter the AG failed to specifically perform the terms of the judgment, despite being served with a certified copy of the tribal court judgment which, inter alia, directs the State of California to "rescind and/or revoke any and all liens, levies, deficiencies, garnishments and distraint warrants" against petitioner. Id. at 21, 37. Petitioner asserts that this court is now required to enforce the "contractual agreement" created by the entry of default against the State of California by "revers[ing] and vacat[ing] the void judgment entered by the [Solano County] Superior Court for lack of jurisdiction in the first instance sua sponte." Id. at 21.

This case is not petitioner's first effort to overturn his state criminal conviction and sentence based on the tribal court judgment. Petitioner recently sought a writ of mandate from this court directing his discharge from state custody based on the 2013 tribal judgment. That case was dismissed on October 1, 2019 for lack of jurisdiction, on the ground that federal courts are not authorized to issue writs of mandamus to state courts or officials. Dismissal was "without prejudice to filing an application for writ of habeas corpus in a new action." See Jolivette v. Superior Court, Case No. 2:19-cv-540 TLN EFB P (ECF Nos. 8, 13). Petitioner filed the instant petition a few weeks later, on October 28, 2019.

---

[1] Petitioner's original petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, which challenged his 2005 convictions for multiple sex offenses, was denied on the merits in May 2009. See Jolivette v. People, Case No. 2:08-cv-0189 GHK (E.D. Cal.).

2

Previously, petitioner sought to enforce the tribal court default judgment against the State of California by registering it in various federal district courts. Petitioner registered the judgment in the United States District Court for the District of Nevada in November 2013 (Jolivette v. People, Case No. 2:13-ms-00091 (D. Nev.)). In January 2014, he registered the judgment in the United States District Court for the Northern District of California (Jolivette v. People, Case No. 3:14-mc-80001 RS (N.D. Cal.)), then made it a matter of public record at the San Francisco Assessor-Recorder's Office. Petitioner also sought to register the judgment in this United States District Court for the Eastern District of California but the effort failed when the case was dismissed for lack of subject matter jurisdiction in January 2014 (Jolivette v. People, Case No. 2:13-cv-01882 LKK DAD (E.D. Cal.)).

Even assuming that "Shaykamaxum" is a legitimate tribal court[2] and/or that petitioner qualifies as a reservation Indian, it is well established "that States have criminal jurisdiction over reservation Indians for crimes committed . . . off the reservation." Nevada v. Hicks, 533 U.S. 353, 362 (2001) (citing Mescalero Apache Tribe v. Jones, 411 U.S. 145, 148-49 (1973)). The adjudication of such crimes rests in the state courts, subject to review by the federal courts. Tribal courts have no subject matter jurisdiction to construe, alter or overrule, a state criminal conviction or sentence; nor may they obtain jurisdiction over a state merely by serving process on its official representative.

Moreover, petitioner's framing of this as a habeas corpus matter does not alter the fact that he seeks a remedy that is unavailable: a federal court mandate directing the state courts to vacate his conviction and sentence. As another judge in this court previously ruled:

---

[2] Another judge in this court previously noted that the putative tribal court, which has a mailing address in Philadelphia, Pennsylvania, see ECF No. 1 at 36, does not appear to exist:
> "[T]here is no indication that such a government exists or is recognized by the United States. See LaSalle Bank Natl. Assoc. v. Johnson, No. 3:12–1030, 2012 WL 6628940, at *2 (M.D. Tenn. Nov. 29, 2012) ("Although, ... Ms. Hatshipsue makes various references to being a diplomat and official of the Shaykamaxum Atlanexem Republic, there is no indication that such a government exists or is recognized by the United States, such as to make this a case involving a federal question.").

Jolivette v. California, Case No. 2:13-cv-01882 LKK DAD (ECF No. 11 at 2) (E.D. Cal.).

3

> In a mandamus action, the court can only issue orders against employees, officers or agencies of the United States. See 28 U.S.C. § 1361. Federal district courts are not authorized to issue writs of mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"). Therefore, the court cannot afford petitioner the relief he requests.

Jolivette v. Superior Court, Case No. 2:19-cv-540 TLN EFB P (ECF No. 8 at 2, fn. omitted).

Finally, and most fundamentally, the federal habeas corpus statute does not provide any basis for jurisdiction here because petitioner does not seek to overturn his state court judgment on grounds "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To the contrary, petitioner claims that he is in state custody in violation of a tribal judgment. A federal court sitting in habeas has no authority to disturb a state court judgment on grounds related to tribal law, tribal judgments, or tribal contracts.[3] The petition does purport to assert rights under "United States Constitution, Article X, § 1, 'Enforcement of Contractual Obligations.'" ECF No. 1 at 10. But there is no such article and section. Article I, § 10 provides that no state shall pass any law that impairs the obligation of contracts. If this is what petitioner meant, it does not help him. A criminal conviction is not a law passed by a state within the meaning of Article I, § 10. No provision of the U.S. Constitution, including the full faith and credit clause,[4] supports the theory that a state conviction can be unconstitutional because inconsistent with a tribal court judgment. Because petitioner has not identified any violation of federal law as the basis for his claim, the petition is not cognizable under § 2254.

////

---

[3] Indeed, even outside the habeas context, the judgments of tribal courts are not entitled to full faith and credit under the Constitution. See Wilson v. Marchington, 127 F.3d 805, 807, 808 (9th Cir. 1997), cert. denied, 523 U.S. 1074 (1998). Federal recognition of tribal court judgments is a matter of comity, and may be declined on equitable grounds. Id. at 810.

[4] See Wilson v. Marchington, supra.

4

Because it is plainly apparent from the face of the petition that this court lacks jurisdiction, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis, ECF No. 2, is GRANTED.

Further, IT IS HEREBY RECOMMENDED that this action be DISMISSED upon screening for lack of jurisdiction, <u>see</u> Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE